1  Sid Leach (019519)
   SNELL & WILMER L.L.P.
2  One Arizona Center
   Phoenix, Arizona  85004-2202
3  E-mail:  sleach@swlaw.com
   Telephone: (602) 382-6372
4  Facsimile:  (602) 382-6070

5  Attorneys for Plaintiff Skydive Arizona, Inc.

6
                IN THE UNITED STATES DISTRICT COURT FOR THE
7                         DISTRICT OF ARIZONA

8  1.  SKYDIVE ARIZONA, INC.,

9                        *Plaintiff*,                    Civil Action No.

10  *vs*.                                    **COMPLAINT FOR VIOLATIONS
                                             OF SECTION 43 OF THE
11  2.  CARY QUATTROCHI;                     LANHAM ACT, CONSUMER
    3.  BEN BUTLER;                          DECEPTION, TRADEMARK
12  4.  1-800-SKY-RIDE;                      INFRINGEMENT, AND FOR
    5.  1800SKYRIDE.COM;                     UNFAIR COMPETITION**
13  6.  ATLANTA SKYDIVING CENTER;
    7.  CASC INC.; *and*
14  8.  DOES 1 through 50,

15                        *Defendants*.

16

17

18       Plaintiff, Skydive Arizona, Inc., by and through its undersigned attorney,

19  complains of Defendants and alleges as follows:

20                              **PARTIES**

21  1.     Plaintiff Skydive Arizona, Inc. ("Skydive Arizona") is a corporation incorporated

22         under the laws of the state of Arizona and has its principal place of business at

23         4900 N. Taylor Road, Eloy, Arizona 85231.  Plaintiff provides skydiving

24         services, and over a period of 15 years has become a world famous center for

25         skydiving operations.  Plaintiff provides instructional services and coaching for

26         skydiving students, and provides equipment and jumpmasters for tandem

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

skydives.  A significant portion of Plaintiff's business involves consumers and members of the public who are making their first (and often only) skydive.  The Internet is one of the primary marketing channels used by Plaintiff for first time skydivers.

2.     Defendant Cary Quattrochi is an individual doing business as 1-800-Sky-Ride, doing business as Atlanta Skydiving Center, doing business as 1800SkyRide.com, and doing business under other assumed names, and has an address of 500 Airport Road, Cedartown, Georgia 30125.

3.     Defendant Ben Butler is an individual doing business as 1-800-Sky-Ride, doing business as Atlanta Skydiving Center, doing business as 1800SkyRide.com, and doing business under other assumed names, and has an address of 500 Airport Road, Cedartown, Georgia 30125.

4.     Upon information and belief, Defendant 1-800-Sky-Ride has an address of P.O. Box 440383, Kennesaw, Ga. 30144, and is a business that engages in misleading and deceptive practices including selling certificates for skydives using, *inter alia*, commercial Internet websites that misrepresent the nature, characteristics, qualities, and geographic origin of its services.  Upon information and belief, Defendant 1-800-Sky-Ride is the alter ego of Defendant Cary Quattrochi and/or Defendant Ben Butler.

5.     Upon information and belief, Defendant 1800SkyRide.com is a business that engages in misleading and deceptive practices including selling certificates for skydives using, *inter alia*, commercial Internet websites that misrepresent the nature, characteristics, qualities, and geographic origin of its services.  Upon information and belief, Defendant 1800SkyRide.com is the alter ego of Defendant Cary Quattrochi and/or Defendant Ben Butler.

6.     Defendant Atlanta Skydiving Center is a skydiving center which is, upon

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

information and belief, owned or operated, in whole or in part, by Defendant Cary Quattrochi and/or Defendant Ben Butler; and Defendant Atlanta Skydiving Center engages in misleading and deceptive practices and provides resources, personnel, and/or facilities for use in connection with a common plan or scheme with the other defendants to engage in misleading and deceptive practices.  Upon information and belief, Defendant Atlanta Skydiving Center is the alter ego of Defendant Cary Quattrochi and/or Defendant Ben Butler.

7. Defendant Casc Inc. is a corporation which is, upon information and belief, owned or operated, in whole or in part, by Defendant Cary Quattrochi and/or Defendant Ben Butler; and is doing business as 1-800-SKYRIDE.  Defendant Casc Inc. has an address of P.O. Box 440383, Kennesaw, Ga. 30144.  Defendant Casc Inc. engages in misleading and deceptive practices and provides resources, personnel, and/or facilities for use in connection with a common plan or scheme with the other defendants to engage in misleading and deceptive practices.  Upon information and belief, Defendant Casc Inc. is the alter ego of Defendant Cary Quattrochi and/or Defendant Ben Butler.

8. Upon information and belief, unknown Defendants Does 1 through 50 are also involved in doing business as 1-800-Sky-Ride, as members of the 1-800-Sky-Ride Network, as owners of websites or domain names for fictitious skydiving centers, or are participating in concert with, or as part of a common plan or scheme, to commit acts in violation of Sections 43(a) and (d) of the Lanham Act with the other defendants.  For convenience, Defendants Cary Quattrochi, Ben Butler, 1-800-Sky-Ride, Atlanta Skydiving Center, Defendant Casc Inc., 1800SkyRide.com, and Does 1 through 50 are collectively referred to hereinafter as "Defendants."

**JURISDICTION AND VENUE**

9.  This is a civil action for false designation of origin, false descriptions, and unfair competition arising under the U.S. Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, and specifically for violations of Section 43(a) and (d) of the Lanham Act, codified at 15 U.S.C. § 1125.

10. This court has subject matter jurisdiction of claims based upon alleged violations of Section 43(a) and 43(d) of the Lanham Act pursuant to 15 U.S.C. § 1121(a) without regard to the amount in controversy or to the diversity or lack of diversity of the citizenship of the parties.  This court also has jurisdiction in this case under 28 U.S.C. §§ 1338(a) & 1338(b), 28 U.S.C. § 1331, and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) & (c).  A substantial part of the events giving rise to the claim occurred in this judicial district.

**Defendants Are Doing Business In Arizona, And A Significant Portion Of The Lanham Act Violations That Are The Subject Of This Action Were Aimed At Plaintiff Skydive Arizona In Arizona, And Have Had An Effect In Arizona**

12. Defendants transact business within this district, derive substantial revenues from interstate and intrastate commerce, and have committed tortuous acts within this district, and also outside this district with the intent of having consequences within this district and elsewhere and otherwise are within the jurisdiction of this court.

13. Defendants have specifically directed their activities at the State of Arizona, and have done so with the intent and/or knowledge that their intentional acts would cause injury or damage that would be suffered and/or felt in the State of Arizona.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

14.   Defendants have a website that misrepresents the Defendants as "Skydive Flagstaff" in the State of Arizona, and that falsely states that Defendants are "Serving Arizona with professional skydive instruction," when in fact Defendants have no skydiving center or facility in Flagstaff, Arizona.

15.   Defendants have a website that misrepresents the Defendants as the "Tucson Skydiving Center" in the State of Arizona, when in fact Defendants have no skydiving center or facility in Tucson, Arizona.

16.   Defendants have a website that misrepresents the Defendants as "Arizona Skydiving," "Skydiving Arizona," and as the "Skydiving Arizona Center" in the State of Arizona.  Defendants represent that their facility at "Skydiving Arizona" is "the busiest skydive center serving Arizona," and they "run multiple turbine aircraft," and that they have "multiple large screen TV's in our hanger for you to use and watch your video for the first time," when in fact Defendants have no such aircraft, hanger, large screen TV's, or skydiving center in Arizona.

17.   In addition to the websites described above, Defendants have additional websites expressly aimed at Arizona.  Defendants have individual websites for Phoenix, Tempe, Scottsdale, Mesa, Glendale, Gilbert, Yuma, Flagstaff, Chandler, Peoria, and Tucson, and each website falsely represents that Defendants have a skydiving center at that location, and otherwise misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, and commercial activities.

18.   Defendants have websites that include photographs of Plaintiff Skydive Arizona's aircraft that are portrayed as Defendants' aircraft, including one or more instances when a photograph of one of Plaintiff's aircraft is next to a statement identifying the aircraft as "Our Aircraft."  Defendants have websites that falsely represent Plaintiff Skydive Arizona's aircraft as aircraft available to

customers who purchase skydiving services from Defendants.

19.   Defendants have sold "certificates" to residents of Arizona and have misrepresented the "certificates" as being redeemable at Skydive Arizona when in fact Plaintiff Skydive Arizona does not accept "certificates" sold by Defendants.  Defendants have made false and misleading statements to consumers in Arizona concerning Defendants' alleged affiliation, connection, or association with Plaintiff Skydive Arizona.

20.   Defendants have made false or misleading representations of fact to consumers in Arizona and specifically directed at businesses in Arizona that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with Plaintiff Skydive Arizona, or as to the sponsorship or approval of Defendants' goods, services, or commercial activities by Plaintiff Skydive Arizona, in violation of 15 U.S.C. § 1125(a).

21.   Defendants have made false or misleading representations of fact to consumers in Arizona and specifically directed at businesses in Arizona in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

22.   Defendants sell "certificates" to Arizona residents which are specifically intended to be redeemed for skydives at facilities in Arizona.  Defendants have derived revenues from the sale of such "certificates" to Arizona residents.

23.   Defendants stole copyrighted photographs from a website in Arizona that belonged to Brent Finley, a well-known skydiving videographer who is a resident of Arizona, and used the photographs on Defendants' website to falsely represent Defendants' goods and services.  For example, without authorization or

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

permission, Defendants took, from the videographer's website in Arizona, a photograph that was taken in Arizona and which depicted a group of skydivers at Skydive Arizona at Eloy, Arizona, and put the photograph on several of Defendants' websites and misrepresented it as a photograph of the Defendants' experienced staff of skydiving instructors at each one of several locations in order to deceive consumers into thinking that the Defendants had an experienced staff of skydiving professionals who were available to render skydiving instructional services to consumers who purchased certificates from Defendants.

### BACKGROUND

**Plaintiff Skydive Arizona Has Been In Business For Almost 20 Years And Is World Famous As One Of The Largest Skydiving Centers In The World**

24.     Plaintiff Skydive Arizona has been conducting skydiving operations since 1986. Skydive Arizona started from virtually nothing and has grown into a significant business in the State of Arizona. Skydive Arizona is wholly owned by residents of the State of Arizona. Skydive Arizona has become the largest skydiving resort in Arizona, and one of the largest skydiving centers in the world.

25.     Over the years, Skydive Arizona has expended thousands of dollars marketing its goods and services, and promoting its mark "Skydive Arizona." Skydive Arizona has developed considerable good will in its business and in its mark "Skydive Arizona."

26.     Skydive Arizona has sought to protect its trademark rights. Skydive Arizona successfully prosecuted a trademark infringement action in this district against a business operating under the name of "Arizona Skydiving" or "Arizona Skydiving Coolidge". That case was Civil Action No. CV 01-1854 PHX-SMM, and resulted in a judgment of trademark infringement.

27.  Skydive Arizona uses the Internet as an important marketing channel for its goods and services, especially to consumers who are purchasing their first skydive.  Skydive Arizona maintains a website at www.skydiveaz.com.  The Internet is an important marketing channel for Skydive Arizona's goods and services.

28.  Skydive Arizona operates aircraft that are distinctively painted or otherwise marked to identify such aircraft as being associated, affiliated, sponsored, and/or connected with and/or originating from Plaintiff Skydive Arizona.  The color scheme used on the aircraft operated by Skydive Arizona have acquired secondary meaning and are associated with Skydive Arizona as a source of quality goods and services.

29.  Skydive Arizona has an extensive student operation and offers first jump courses 5 days a week.  In addition, Skydive Arizona offers tandem jumps with a staff of experienced and professional tandem masters for members of the public who want to experience the thrill of skydiving for the first time.  Many first time skydivers find Skydive Arizona as a result of Skydive Arizona's website.  The Internet is a particularly important marketing channel for consumers who are making their first, (and many times only), skydive.

30.  Skydive Arizona has advertised extensively, including regular full-page ads in the most widely distributed skydiving publications in the United States, i.e., *Parachutist Magazine* and *Skydiving*, as well as regular ads in the *Yellow Pages*.  During the past 15 years, Skydive Arizona has built up a considerable investment in promoting its name and reputation as a skydiving center.

31.  Skydive Arizona sponsors Arizona Airspeed 4-way and 8-way teams that have won U.S. national as well as world championships in formation skydiving.  Instructional "skills camps" are regularly held at Skydive Arizona for training

skydivers of all skill levels, using members of the world champion Arizona Airspeed team members as coaches.

32.   Skydive Arizona attracts experienced skydivers from all over the world for various skydiving events.  Skydive Arizona is well known for instructional services and team training, and the national skydiving teams representing the countries of Japan, France, Italy, Austria, Denmark, Finland, Great Britain, Germany, Brazil, Argentina, Australia, New Zealand, and Israel have come to Skydive Arizona to train.

33.   Skydive Arizona hosted the 1998 U.S. National Championship of formation skydiving, and the 2001 U.S. National Championship of formation skydiving in October 2001.  Skydive Arizona has been the host drop zone for the U.S. National Championship on at least five occasions.  In 1993, Skydive Arizona hosted the World Meet, and was the site for the 2000 World Cup of formation and freestyle.  In the past, Skydive Arizona also sponsored the America's Cup competition, and regularly hosted the first competition in the America's Cup schedule at the annual Valentine's Money Meet.  Skydive Arizona regularly hosts events such as the Arizona Challenge and Mission Impossible that attract the most experienced skydivers nationwide for challenging formation skydiving and relative work.

34.   Skydive Arizona is the home of Omniskore, the internationally recognized organization that has developed the most widely used computerized scoring and judging system for competitive skydiving.  The Omniskore system was used at national and international skydiving competitions.  On information and belief, whenever the Omniskore system is used worldwide during skydiving events, the Skydive Arizona logo and service marks are prominently displayed on television screens used to display the event and the Omniskore computerized scoring and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    judging system to spectators and competitors during a competition.

2    35.   Skydive Arizona is also the home of the freefly team Arizona Freeflight and

3          team Nitro, the men's freestyle silver medallists at the 1999 World Parachuting

4          Championships.  More than 100 freeflyers from around the world have attended

5          Skydive Arizona's annual Freefly Festivals.  Skydive Arizona has also been the

6          location for several freefly competitions and events.

7    36.   Skydive Arizona has continuously since 1986 provided services to its customers,

8          and has developed significant goodwill in its business.  Skydive Arizona has, by

9          its use and promotion, developed a worldwide reputation for skydiving services.

10         Skydive Arizona is well known within the skydiving community, and is

11         recognized as a source of quality skydiving and instructional services.  It is one

12         of the most famous skydiving centers in the world.

### COUNT I - FALSE DESIGNATION OF ORIGIN AND
### UNFAIR COMPETITION UNDER FEDERAL LANHAM ACT § 43(a)

**Defendants' Use of More Than 900 Websites In A
Scheme To Deceive Consumers**

16   37.   Defendants have well in excess of 900 websites purporting to offer skydives and

17         related services at locations in Arizona and elsewhere, and which contain false

18         and misleading statements in commercial advertising that misrepresent the

19         nature, characteristics, qualities, and geographic origin of Defendants' services

20         and goods.  Defendants use these websites in a common plan or scheme to

21         deceive consumers and to perpetuate a scam on the public, as will be more

22         particularly described below.

23   38.   Defendants have specifically directed their conduct and activities at Arizona, and

24         at consumers in Arizona.

25   39.   Defendants were aware of and knew about Skydive Arizona, and specifically

26         directed their intentional conduct at the State of Arizona knowing that injuries

caused by their deceptive scheme would be felt in the State of Arizona.
Defendants knew that they would cause injury to Skydive Arizona and that injury
would be suffered by Skydive Arizona in the State of Arizona as a result of their
intentional violations of 15 U.S.C. §1115(a).

40. Attached hereto as Exhibit A is a partial list of websites owned, maintained, and/or operated by Defendants which are used in Defendants scheme to confuse and deceive consumers.

41. Defendants own and/or operate a website at www.1800SkyRide.com, and have falsely advertised on the Google website that Defendants have "over 400 locations Nationwide" when in fact Defendants do not own, operate, or otherwise have over 400 skydiving centers.

**Defendants' Deceptive "Skydive Flagstaff" Website**

42. Defendants operate and maintain a website for "Skydive Flagstaff," when in fact Defendants have no skydiving center or facility in Flagstaff, Arizona.  This website states that Defendants are "Serving Arizona with professional skydive instruction."

43. A printout of web pages taken from the website for "Skydive Flagstaff" are attached hereto as Exhibit B and are incorporated herein by reference.

44. Defendants' "Skydive Flagstaff" website refers to "the facilities at Skydive Flagstaff," when in fact no such facilities exist.

45. Defendants' "Skydive Flagstaff" website refers to "the amenities available at Skydive Flagstaff," when in fact no such amenities are available in Flagstaff.

46. Defendants' "Skydive Flagstaff" website tells consumers to "make your first skydive with the Experienced professionals at Skydive Flagstaff," when in fact there are no such experienced professionals at any facility operated by the

Defendants in Flagstaff.

47.    Defendants' "Skydive Flagstaff" website falsely represents that it is "The closest skydiving center to Phoenix."

48.    Defendants' "Skydive Flagstaff" website falsely represents that it is "conveniently located near Scottsdale Arizona."

49.    Defendants' "Skydive Flagstaff" website falsely represents that it is "conveniently located near Mesa Arizona."

50.    Defendants' "Skydive Flagstaff" website contains false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with another person, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).  This website contains false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

**Defendants' Deceptive "Tucson Skydiving Center" Website**

51.    Defendants operate and maintain a website for "Tucson Skydiving Center," when in fact Defendants have no skydiving center in Tucson, Arizona.  This website repeatedly refers to "Skydive Tucson," when in fact Skydive Tucson does not exist.

52.    A printout of web pages taken from the website for the fictitious "Tucson Skydiving Center" are attached hereto as Exhibit C and are incorporated herein

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

by reference.

53. Defendants' "Tucson Skydiving Center" website states that "Skydive Tucson is the most experienced skydiving center serving Arizona," when in fact Defendants have no skydiving center in Arizona.  To the contrary, Plaintiff is the most experienced skydiving center serving Arizona.

54. Defendants' "Tucson Skydiving Center" website includes a photograph of one of Plaintiff's aircraft which is presented as if it was one of the aircraft available at Skydive Tucson.  In fact, the fictitious "Skydive Tucson" does not have any aircraft.

55. Defendants' "Tucson Skydiving Center" website includes a web page that uses "Skydive Arizona" in metadata to increase the chance that an Internet search would direct someone to Defendants' website when the person enters "Skydive Arizona" as a search term.

56. Defendants' "Tucson Skydiving Center" website falsely represents that the Skydive Tucson has "the best and most modern facilities," when in fact no such facilities exist.  This website states that "the facilities at Skydive Tucson were designed with your comfort and convenience in mind, to enhance your skydiving experience," when in fact there are no facilities at Skydive Tucson.

57. Defendants' "Tucson Skydiving Center" website states "At Skydive Tucson you will be accompanied on your skydive by the most enthusiastic Arizona skydive professionals in skydiving!"  This statement falsely represents that the consumer will make his or her skydive "at Skydiver Tucson" when in fact there is no such place.

58. Defendants' "Tucson Skydiving Center" website states that "At Skydive Tucson you will be assigned a certified instructor," when in fact there are no instructors at Skydive Tucson.

Snell & Wilmer

———— L.L.P. ————
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

59. Defendants' "Tucson Skydiving Center" website states that "All Skydive Tucson equipment is STATE OF THE AZT (sic: ART)" when in fact Skydive Tucson does not own any skydiving equipment.

60. Defendants' "Tucson Skydiving Center" website falsely represents that "Skydive Tucson" is "convenient for Roswell Arizona."

61. Defendants' "Tucson Skydiving Center" website falsely represents "Tucson Skydiving Center Skydiving in Arizona."

62. Defendants' "Tucson Skydiving Center" website contains false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fat that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with another person, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).  This website contains false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

**Defendants' Deceptive "Arizona Skydiving"
Website**

63. Defendants operate and maintain a deceptive website for "Arizona Skydiving." This website also uses the confusingly similar marks "Skydiving Arizona" and "Skydive Arizona" to identify Defendants' goods and services.

64. A printout of web pages taken from the website for the "Arizona Skydiving" website are attached hereto as Exhibit O and are incorporated herein by reference.

65.  Defendants' website for "Arizona Skydiving" has three home pages designated "index.html," "index2.html," and "index3.html."  Each one of these home pages may be found by search engines used by consumers on the Internet searching for providers of skydiving goods and services.  At the bottom of the first home page, Defendants provide links to Defendants' websites for "Skydiving Tucson," "Skydiving Phoenix," Skydiving Mesa," "Skydiving Glendale," and even a link to Defendants' website for "Skydive Arizona."  At the bottom of the second home page, Defendants provide links to Defendants' websites for "Skydiving Scottsdale," "Skydiving Chandler," Skydiving Tempe," "Skydiving Gilbert," and again provide a link to Defendants' website for "Skydive Arizona."  At the bottom of the third home page, Defendants provide links to Defendants' websites for "Skydiving Peoria," "Skydiving Yuma," Skydiving Flagstaff," again for "Skydiving Gilbert," and once again provide a link to Defendants' website for "Skydive Arizona."

66.  Defendants' website for "Arizona Skydiving" identifies the Defendants' business as "Arizona Skydiving," "Skydiving Arizona," and as the "Skydiving Arizona Center" in the State of Arizona.  Defendants falsely represent that their facility at "Skydiving Arizona" is "the busiest skydive center serving Arizona," and they "run multiple turbine aircraft," and that they have "multiple large screen TV's in our hanger for you to use and watch your video for the first time," when in fact Defendants have no such aircraft, hanger, large screen TV's, or skydiving center in Arizona.

67.  Defendants' website for "Arizona Skydiving" uses Plaintiff's "Skydive Arizona" mark to refer to Defendants' business.  Defendants website for "Arizona Skydiving" includes a web page entitled "First Skydive" that states "Skydive Arizona facilities, instructors and equipment make us a popular choice amongst

many internationals and Americans to skydive for fun."

68.  Defendants' website for "Arizona Skydiving" includes web pages, such as the web page for "Skydiving Gift Certificates," that refers to a link at the bottom of the page for "Skydive Arizona Pictures."

69.  Defendants deceptive website for "Arizona Skydiving" falsely represents that "Skydiving Arizona operates seven days a week."

70.  Defendants' deceptive website for "Arizona Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at their fictitious Skydiving Arizona Center.

71.  Defendants' website for "Arizona Skydiving" includes web pages, such as the web page for "Frequently Asked Questions," that falsely represents that "Most of OUR skydives are made from 15,000 ft."  This web page represents to consumers that "our parachutes are fitted with a computerized automatic activation device, which would open the parachute for you if all else failed,: when Defendants do not own any parachutes at the fictitious "Skydiving Arizona Center" in Arizona. This web page falsely represents to consumers that "our canopies fly at approximately 20 mph" and that Defendants "use ram air canopies" at the fictitious "Skydiving Arizona Center" in Arizona.

72.  Defendants deceptive website for "Arizona Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

73.  Defendants website for "Arizona Skydiving" is likely to cause confusion, and to cause mistake, and to deceive consumers concerning Defendants' connection, sponsorship, affiliation, or approval by or with Plaintiff.

74.  Defendants use of the marks "Skydive Arizona," "Arizona Skydiving," "Skydiving Arizona," and "Skydiving Arizona Center" in connection with Defendants' goods and services are likely to cause confusion with Plaintiff's

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

"Skydive Arizona" mark.

**Defendants' Deceptive "Phoenix Skydiving"
Website**

75.    Defendants operate and maintain a deceptive website for "Phoenix Skydiving" that falsely portrays Defendants as having a skydiving center in Phoenix, Arizona.

76.    A printout of web pages taken from the website for the "Phoenix Skydiving" website are attached hereto as Exhibit P and are incorporated herein by reference.

77.    Defendants website for "Phoenix Skydiving" states that "Skydive Phoenix facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Phoenix, Arizona.

78.    Defendants website for "Phoenix Skydiving" falsely represents that Defendants' facility at "Phoenix Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Phoenix, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

79.    Defendants deceptive website for "Phoenix Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Phoenix Skydiving" facility.

80.    Defendants deceptive website for "Phoenix Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Scottsdale Skydiving"
Website**

81.    Defendants operate and maintain a deceptive website for "Scottsdale Skydiving" that falsely portrays Defendants as having a skydiving center in Scottsdale,

Arizona.

82. A printout of web pages taken from the website for the "Scottsdale Skydiving" website are attached hereto as Exhibit Q and are incorporated herein by reference.

83. Defendants website for "Scottsdale Skydiving" states that "Skydive Scottsdale facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Scottsdale, Arizona.

84. Defendants website for "Scottsdale Skydiving" falsely represents that Defendants' facility at "Scottsdale Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Scottsdale, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

85. Defendants deceptive website for "Scottsdale Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Scottsdale Skydiving" facility.

86. Defendants deceptive website for "Scottsdale Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Tempe Skydiving" Website**

87. Defendants operate and maintain a deceptive website for "Tempe Skydiving" that falsely portrays Defendants as having a skydiving center in Tempe, Arizona.

88. A printout of web pages taken from the website for the "Tempe Skydiving" website are attached hereto as Exhibit R and are incorporated herein by

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

reference.

89.   Defendants website for "Tempe Skydiving" states that "Skydive Tempe facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Tempe, Arizona.

90.   Defendants website for "Tempe Skydiving" falsely represents that Defendants' facility at "Tempe Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Tempe, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

91.   Defendants deceptive website for "Tempe Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Tempe Skydiving" facility.

92.   Defendants deceptive website for "Tempe Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Chandler Skydiving" Website**

93.   Defendants operate and maintain a deceptive website for "Chandler Skydiving" that falsely portrays Defendants as having a skydiving center in Chandler, Arizona.

94.   A printout of web pages taken from the website for the "Chandler Skydiving" website are attached hereto as Exhibit S and are incorporated herein by reference.

95.   Defendants website for "Chandler Skydiving" states that "Skydive Chandler facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

facilities, instructors or equipment in Chandler, Arizona.

96. Defendants website for "Chandler Skydiving" falsely represents that Defendants' facility at "Chandler Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Chandler, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

97. Defendants deceptive website for "Chandler Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Chandler Skydiving" facility.

98. Defendants deceptive website for "Chandler Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Mesa Skydiving" Website**

99. Defendants operate and maintain a deceptive website for "Mesa Skydiving" that falsely portrays Defendants as having a skydiving center in Mesa, Arizona.

100. A printout of web pages taken from the website for the "Mesa Skydiving" website are attached hereto as Exhibit T and are incorporated herein by reference.

101. Defendants website for "Mesa Skydiving" states that "Skydive Mesa facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Mesa, Arizona.

102. Defendants website for "Mesa Skydiving" falsely represents that Defendants' facility at "Mesa Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

fictitious facility in Mesa, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

103. Defendants deceptive website for "Mesa Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Mesa Skydiving" facility.

104. Defendants deceptive website for "Mesa Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Glendale Skydiving" Website**

105. Defendants operate and maintain a deceptive website for "Glendale Skydiving" that falsely portrays Defendants as having a skydiving center in Glendale, Arizona.

106. A printout of web pages taken from the website for the "Glendale Skydiving" website are attached hereto as Exhibit U and are incorporated herein by reference.

107. Defendants website for "Glendale Skydiving" states that "Skydive Glendale facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Glendale, Arizona.

108. Defendants website for "Glendale Skydiving" falsely represents that Defendants' facility at "Glendale Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Glendale, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

109. Defendants deceptive website for "Glendale Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Glendale Skydiving" facility.

110. Defendants deceptive website for "Glendale Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Gilbert Skydiving" Website**

111. Defendants operate and maintain a deceptive website for "Gilbert Skydiving" that falsely portrays Defendants as having a skydiving center in Gilbert, Arizona.

112. A printout of web pages taken from the website for the "Gilbert Skydiving" website are attached hereto as Exhibit V and are incorporated herein by reference.

113. Defendants website for "Gilbert Skydiving" states that "Skydive Gilbert facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Gilbert, Arizona.

114. Defendants website for "Gilbert Skydiving" falsely represents that Defendants' facility at "Gilbert Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Gilbert, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

115. Defendants deceptive website for "Gilbert Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Gilbert Skydiving" facility.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

116. Defendants deceptive website for "Gilbert Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Yuma Skydiving"
Website**

117. Defendants operate and maintain a deceptive website for "Yuma Skydiving" that falsely portrays Defendants as having a skydiving center in Yuma, Arizona.

118. A printout of web pages taken from the website for the "Yuma Skydiving" website are attached hereto as Exhibit W and are incorporated herein by reference.

119. Defendants website for "Yuma Skydiving" states that "Skydive Yuma facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Yuma, Arizona.

120. Defendants website for "Yuma Skydiving" falsely represents that Defendants' facility at "Yuma Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Yuma, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

121. Defendants deceptive website for "Yuma Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Yuma Skydiving" facility.

122. Defendants deceptive website for "Yuma Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Peoria Skydiving"
Website**

123. Defendants operate and maintain a deceptive website for "Peoria Skydiving" that falsely portrays Defendants as having a skydiving center in Peoria, Arizona.

124. A printout of web pages taken from the website for the "Peoria Skydiving" website are attached hereto as Exhibit X and are incorporated herein by reference.

125. Defendants website for "Peoria Skydiving" states that "Skydive Peoria facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Peoria, Arizona.

126. Defendants website for "Peoria Skydiving" falsely represents that Defendants' facility at "Peoria Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Peoria, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

127. Defendants deceptive website for "Peoria Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Peoria Skydiving" facility.

128. Defendants deceptive website for "Peoria Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Tucson Skydiving"
Website**

129. Defendants operate and maintain a deceptive website for "Tucson Skydiving" that falsely portrays Defendants as having a skydiving center in Tucson, Arizona.

130. A printout of web pages taken from the website for the "Tucson Skydiving" website are attached hereto as Exhibit Y and are incorporated herein by reference.  As may be seen by comparing Exhibit Y with Exhibit C, Defendants have multiple websites directed at consumers in Tucson, Arizona, in order to increase their chances of being the website that a consumer selects when searching for a skydiving center on the Internet.

131. Defendants website for "Tucson Skydiving" states that "Skydive Tucson facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Tucson, Arizona.

132. Defendants website for "Tucson Skydiving" falsely represents that Defendants' facility at "Tucson Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Tucson, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

133. Defendants deceptive website for "Tucson Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Tucson Skydiving" facility.

134. Defendants deceptive website for "Tucson Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from Defendants.

**Defendants' Deceptive "Flagstaff Skydiving" Website**

135. Defendants operate and maintain a deceptive website for "Flagstaff Skydiving" that falsely portrays Defendants as having a skydiving center in Flagstaff, Arizona.

136. A printout of web pages taken from the website for the "Flagstaff Skydiving" website are attached hereto as Exhibit Z and are incorporated herein by reference. As may be seen by comparing Exhibit Z with Exhibit B, Defendants have multiple websites directed at consumers in Flagstaff, Arizona, in order to increase their chances of being the website that a consumer selects when searching for a skydiving center on the Internet.

137. Defendants website for "Flagstaff Skydiving" states that "Skydive Flagstaff facilities, instructors and equipment make us a popular choice amongst many internationals and Americans to skydive for fun."  Defendants do not have any facilities, instructors or equipment in Flagstaff, Arizona.

138. Defendants website for "Flagstaff Skydiving" falsely represents that Defendants' facility at "Flagstaff Skydiving" is "the busiest skydive center serving Arizona," and that it "operates seven days a week."  Defendants falsely represent that at this fictitious facility in Flagstaff, Defendants "run multiple turbine aircraft," and have "multiple large screen TV's in our hanger for you to use and watch your video for the first time."

139. Defendants deceptive website for "Flagstaff Skydiving" falsely represents that Defendants have a "training area" and an "observation deck" at the fictitious "Flagstaff Skydiving" facility.

140. Defendants deceptive website for "Flagstaff Skydiving" solicits Arizona residents to call 1-800-791-JUMP to purchase a skydiving gift certificate from

Defendants.

**Defendants' Use Of Deceptive Domain Names
"skydivearizona.net," "arizona-skydiving.com,"
"arizonaskydive.com," And
"skydivingarizona.com"**

141. Defendants' 900-plus websites include the domain names "www.arizona-skydiving.com," "www.arizonaskydive.com," "www.skydivearizona.net," and "www.skydivingarizona.com," which either are websites or redirect to websites containing false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with another person, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person, or false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities.

**Defendants' Deceptive Use Of Photographs Of
Plaintiff Skydive Arizona's Aircraft**

142. Defendants have used photographs of Plaintiff's aircraft and portrayed or represented such aircraft as Defendants' aircraft. The type of aircraft available at a skydiving center is often important to consumers, in particular to experienced skydivers, because the type of available aircraft has an impact on the quality of the skydiving services that are provided to consumers. Plaintiff Skydive Arizona has a fleet of aircraft that comprises one of the best collections of aircraft available anywhere at any skydiving center. The website for Defendant Atlanta Skydiving Center includes a photograph of one of Plaintiff's aircraft next to a statement identifying the aircraft as "Our Aircraft." Attached hereto as Exhibit D

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

is a true and correct copy of a web page from Defendants' website for Defendant Atlanta Skydiving Center showing a photograph of Plaintiff's aircraft that is falsely identified as Defendant Atlanta Skydiving Center's aircraft.

143.  Defendants have, use, operate and/or sponsor websites that falsely represent Plaintiff's aircraft as aircraft available to customers who purchase skydiving services from Defendants.

144.  Defendants' misrepresentations concerning Plaintiff's aircraft include false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with Plaintiff and/or Plaintiff's aircraft, and/or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff Skydive Arizona.  Defendants' misrepresentations concerning Plaintiff's aircraft include false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities.

**Defendants' False And Misleading Representations In Connection With The Sale Of "Certificates" To Consumers**

145.  Defendants have sold certificates to consumers and misrepresented the certificates as being redeemable at Skydive Arizona for a skydive at Plaintiff's skydiving center, when in fact Plaintiff does not accept such certificates. Defendants' misrepresentations concerning the certificates sold by Defendants include false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff Skydive Arizona.  Defendants' misrepresentations concerning the certificates sold by Defendants include false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities.

146.  Defendants' misrepresent the goods and services offered by Defendants. Defendants represent themselves as a skydiving facility that will provide skydives to consumers who call an 800 number provided on one of Defendants' 900-plus websites, when in fact Defendants are serving only as a "booking agent" for an independent third party skydiving facility that may or may not accept Defendants' certificates, and over which Defendants exercise no quality control.

147.  Defendants misrepresent the geographic origin of their goods and services, and portray themselves as having skydiving centers at fictitious locations.

148.  Defendants are engaged in a scheme to deceive and defraud consumers by adding fees onto the cost of a typical skydive, including additional fees such as weather insurance, port fees, terrorism taxes, lift fees, equipment rentals, and other fictitious fees that are not charged by reputable skydiving centers.  Defendants deceive consumers into paying total fees approaching $500 for a skydive that typically costs $165 at reputable skydiving centers.  In addition, consumers who realize too late that they have been ripped off, and who request a refund, are told by Defendants that they cannot get a refund because they failed to pay a $40 "refund fee."

149. Defendants are engaged in a scheme that profits by deceiving consumers with false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the origin and/or sponsorship of Defendants' goods, services, and/or commercial activities.  Defendants are engaged in a scheme that profits by deceiving consumers with false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, and/or geographic origin of Defendants' goods, services, or commercial activities.

**Defendants' Deceptive "Skydive Green Bay"
Website Using A Photograph Stolen From
Arizona**

150. Defendants operate and maintain a website for "Skydive Green Bay," when in fact Defendants have no skydiving center in Green Bay, Wisconsin.  Skydive Green Bay does not exist.

151. Defendants' "Skydive Green Bay" website falsely represents that a consumer will "Skydive in Wisconsin with our Safe Skydiving Staff," when in fact Defendants have no staff at Skydive Green Bay.

152. Defendants' "Skydive Green Bay" website included a photograph that purported to portray Defendants' staff at Skydive Green Bay.  A true and correct copy of a page from Defendants' "Skydive Green Bay" website containing this photograph is attached as Exhibit E.

153. The photograph presented as representing the Skydive Green Bay staff was a stolen photograph that Defendants copied from a website in Arizona that belongs to Brent Finley, who is a well known skydiving photographer and a resident of Arizona.  All photographs on Mr. Finley's website are copyrighted.  Defendants

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

took the photograph from Mr. Finley's website in Arizona and reproduced it without his permission.  A copy of the original photograph that appeared on the photographer's website is attached hereto as Exhibit F.  The individuals depicted in the photograph include Ted Wagner, Mike Netzel, Steve Wood, Julie Sessing, Mick Nutall, Derick Thomas, Tyree Wilde, Deb Henry, Tim Monsees, Ellen Monsees, Mike Provost, Jan Meyer, Claudia Vargus, Nick Furchner, Ellen Thisle, Janie Jicha, Mary Finley, Beckie Thompson, John Coffman, George Jicha, and Jack Farrell.  None of these people are members of the fictitious staff for Skydive Green Bay.  None of these individuals consented to have their image used for commercial purposes to promote Defendants' deceptive products and services.  This photograph was actually taken in Arizona, and not in Green Bay, Wisconsin.  This photograph was also used by Defendants on other websites and the same photograph was portrayed as Defendants' staff at other non-existent skydiving centers in other locations.

154. Defendants' "Skydive Green Bay" website states "Skydive Green Bay Center is proud to provide our students with the safest, most exciting skydive experience available. We are pleased to have the finest staff to assist you with your skydive." In fact, Defendants do not have any staff at Skydive Green Bay in Wisconsin.

155. Defendants' "Skydive Green Bay" website states:

"The Skydive Green Bay Center Staff consists of nationally recognized skydivers within the sport, many of whom have thousands of skydives and numerous skydiving awards. Learn to make your first skydive with the knowledgeable and experienced professionals at Skydive Green Bay Center. Go skydiving with the best Wisconsin!"

156. Defendants do not have any staff in Wisconsin at Skydive Green Bay.  The photograph portrayed as Defendants' alleged "staff" was not in fact a photograph of Defendants' staff.

**Defendants' Deceptive "Springfield Skydiving"**

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**Website Using A Photograph Stolen From Arizona**

157. Defendants operate and maintain a website for "Springfield Skydiving," when in fact Defendants have no skydiving center in Springfield, Illinois.  The Springfield Skydiving center does not exist.

158. Defendants' "Springfield Skydiving" website included a photograph that purported to portray Defendants' staff at Springfield, Illinois.  A true and correct copy of a page from Defendants' "Springfield Skydiving" website that included this photograph is attached as Exhibit G.

159. The photograph presented as representing the Springfield Skydiving staff was a stolen photograph that Defendants copied from the website of a well known skydiving photographer in Arizona without his permission.  This photograph was actually taken in Arizona, not in Springfield, Illinois.  A copy of the stolen photograph that appeared on the photographer's website is attached hereto as Exhibit F.

160. The photograph of the alleged "staff" at Defendants' non-existent skydiving center in Springfield, Illinois was the same photograph that Defendants represented and falsely portrayed as their "staff" in Green Bay, Wisconsin, as shown in Exhibit E.

161. Defendants' "Springfield Skydiving" website states "Springfield Skydiving Center is proud to provide our students with the safest, most exciting skydive experience available. We are pleased to have the finest staff to assist you with your skydive."  In fact, Defendants do not have any staff at their non-existent Springfield Skydiving Center in Illinois.

162. Defendants' "Springfield Skydiving" website states:

"The Springfield Skydiving Center Staff consists of nationally recognized skydivers within the sport, many of whom have thousands of skydives and

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

numerous skydiving awards. Learn to make your first skydive with the knowledgeable and experienced professionals at Springfield Skydiving Center!"

163.    Defendants do not have any staff in Illinois at the non-existent Springfield Skydiving Center.  The photograph portrayed as Defendants' alleged "staff" was not in fact a photograph of Defendants' staff.

**Defendants' Deceptive "Skydive Nashville" Website Using A Photograph Stolen From Arizona**

164.    Defendants operate and maintain a website for "Skydive Nashville," when in fact Defendants have no skydiving center in Nashville, Tennessee.  The Skydive Nashville skydiving center does not exist.

165.    Defendants' "Skydive Nashville" website included a photograph that purported to portray Defendants' staff at Nashville, Tennessee.  A true and correct copy of a page from Defendants' "Skydive Nashville" website that included this photograph is attached as Exhibit H.  The photograph presented as representing the Skydive Nashville staff is a stolen photograph that Defendants' copied from the website of a well known skydiving photographer in Arizona without his permission.  (See Exhibit F.)  This photograph was actually taken in Arizona, not in Nashville.

166.    The photograph of the alleged "staff" at Defendants' non-existent skydiving center in Nashville, Tennessee was the same photograph that Defendants represented and portrayed as their "staff" in Green Bay, Wisconsin, as shown in Exhibit E, and as their "staff" in Springfield, Illinois, as shown in Exhibit G.

167.    Defendants' "Skydive Nashville" website states "Skydive Nashville is proud to provide our students with the safest, most exciting skydive experience available.  We are pleased to have the finest staff to assist you with your skydive."  In fact, Defendants do not have any staff at their non-existent skydiving center in

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    Nashville, Tennessee.

2    168.  Defendants' "Skydive Nashville" website states:

3    "The Skydive Nashville Staff consists of nationally recognized skydivers
     within the sport, many of whom have thousands of skydives and
4    numerous skydiving awards. Learn to make your first skydive with the
     knowledgeable and experienced professionals at Skydive Nashville!"

5

6    169.  Defendants do not have any staff in Nashville, Tennessee at the non-existent

7    Skydive Nashville.  The photograph portrayed as Defendants' alleged "staff" was

8    not in fact a photograph of Defendants' staff.

9    **Defendants' Deceptive "Georgia Skydiving
     Center" Website Using A Photograph Stolen
     From Arizona**

10

11   170.  Defendants operate and maintain a website for a non-existent "Georgia

12   Skydiving Center."

13   171.  Defendants' "Georgia Skydiving Center" website included a photograph that

14   purported to portray Defendants' staff at the Georgia Skydiving Center.  A true

15   and correct copy of a page from Defendants' "Georgia Skydiving Center" website

16   that contained this photograph is attached as Exhibit I.  The photograph

17   presented as representing the Georgia Skydiving Center staff was a stolen

18   photograph that Defendants copied from the website of a well known skydiving

19   photographer in Arizona without his permission.  The photograph was actually

20   taken in Arizona, not in Georgia.

21   172.  The photograph of the alleged "staff" at Defendants' Georgia Skydiving Center is

22   the same photograph that Defendants represented and portrayed as their "staff" in

23   Green Bay, Wisconsin, as shown in Exhibit E, and as their "staff" in Springfield,

24   Illinois, as shown in Exhibit G, and as their "staff" in Nashville, Tennessee, as

25   shown by Exhibit H.

26   173.  Defendants' "Georgia Skydiving Center" website states "Georgia Skydiving

Center is proud to provide our students with the safest, most exciting skydive experience available. We are pleased to have the finest staff to assist you with your skydive." In fact, Defendants do not have any staff at their non-existent Georgia Skydiving Center.

174. Defendants' "Georgia Skydiving Center" website states:

"The Georgia Skydiving Center Staff consists of nationally recognized skydivers within the sport, many of whom have thousands of skydives and numerous skydiving awards. Learn to make your first skydive with the knowledgeable and experienced professionals at Georgia Skydiving Center!"

175. The photograph portrayed as Defendants' alleged "staff" at the Georgia Skydiving Center was not in fact a photograph of Defendants' staff.

**Defendants' Deceptive "Skydiving Atlanta"**
**Website Using A Photograph Stolen From**
**Arizona**

176. Defendants operate and maintain a website for "Skydiving Atlanta."

177. Defendants' "Skydiving Atlanta" website included a photograph that purported to portray Defendants' staff at Skydiving Atlanta. A true and correct copy of a page from Defendants' "Skydiving Atlanta" website that included this photograph is attached as Exhibit J. The photograph presented as representing the Skydiving Atlanta staff is a stolen photograph that Defendants' copied from the website of a well known skydiving photographer in Arizona without his permission. This photograph was actually taken in Arizona, not in Atlanta.

178. The photograph of the alleged "staff" at Skydiving Atlanta was the same photograph that Defendants represented and portrayed as their "staff" in Green Bay, Wisconsin, as shown in Exhibit E, and as their "staff" in Springfield, Illinois, as shown in Exhibit G, and as their "staff" in Nashville, Tennessee, as shown by Exhibit H, and as their "staff" at the Georgia Skydiving Center, as shown by Exhibit I.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

179. Defendants' "Skydiving Atlanta" website states "Skydiving Atlanta Center is proud to provide our students with the safest, most exciting skydive experience available. We are pleased to have the finest staff to assist you with your skydive." However, the "staff" shown in the photograph on Defendants' "Skydiving Atlanta" website was not Defendants' staff at Skydiving Atlanta, or anywhere else for that matter.

180. Defendants' "Skydiving Atlanta" website states:

"The Skydiving Atlanta Center Staff consists of nationally recognized skydivers within the sport, many of whom have thousands of skydives and numerous skydiving awards. Learn to make your first skydive with the knowledgeable and experienced professionals at Skydiving Atlanta Center!"

181. The photograph portrayed as Defendants' alleged "staff" at the Skydiving Atlanta Center was not in fact a photograph of Defendants' staff.

**Defendants' Deceptive Use Of Other Photographs Stolen From Websites Of Legitimate Skydiving Centers**

182. Tim Eason is the owner of a small skydiving center called "Adventure Skydiving" located in Steinbach, Manitoba, in Canada.  His business maintains an Internet website at www.339jump.com.  True and correct copies of web pages from this legitimate "Adventure Skydiving" website are attached as Exhibit K. Mr. Eason's skydiving center has invested significant sums to create very modern facilities, and uses state-of-the-art equipment and certified instructors for all tandem jumps.  Mr. Eason expended the resources of his business to create custom graphics and a logo for his legitimate website.

183. Defendants own, maintain, or are otherwise responsible for a website at www.tnskydiving.com that is represented as the website for "Adventure Skydiving." The website states that Adventure Skydiving is "Tennessee's most modern drop zone" when, in fact, there is no such drop zone in Tennessee.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Defendants' deceptive "Adventure Skydiving" website copied the text, graphics, logos, photographs, layout, and design of Mr. Eason's legitimate "Adventure Skydiving" website.  True and correct copies of web pages from Defendants' deceptive "Adventure Skydiving" website are attached as Exhibit L.

184. The legitimate "Adventure Skydiving" website owned by Tim Eason had a photograph of Mr. Eason included on the top banner displayed on his website. The legitimate "Adventure Skydiving" website includes a web page entitled "Meet Our Instructors & Staff" which depicts Mr. Eason's photograph and describes his experience.  Mr. Eason is the chief instructor at "Adventure Skydiving".

185. Defendants' deceptive "Adventure Skydiving" website has a photograph of Mr. Eason included on the top banner displayed on the website.  Defendants' deceptive "Adventure Skydiving" website even names Mr. Eason as Defendants' chief instructor at Defendants fictitious skydiving center in Tennessee.  Moving the mouse cursor over Mr. Eason's photograph on Defendants' deceptive "Adventure Skydiving" website reveals a pop-up window that states, "Tim, Chief Skydiving Instructor."

186. The legitimate "Adventure Skydiving" website owned by Tim Eason includes in the upper left-hand corner of the web pages a distinctive logo that includes the words "Adventure Skydiving" over an abstract figure of a person.  This logo was designed by Mr. Eason.

187. Defendants' deceptive "Adventure Skydiving" website includes a copy of Mr. Eason's logo in the same location on Defendants' deceptive "Adventure Skydiving" website.

188. The legitimate "Adventure Skydiving" website owned by Tim Eason includes at the bottom of the home page a photograph of a group of skydivers and a custom

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

graphic with the words: "Are you ready to experience the most exhilarating, heart-racing, adrenaline-pumping thrill of your life?  Then do it.  Adventure Skydiving."

189.  Defendants' deceptive "Adventure Skydiving" website includes on its home page a copy of the same photograph of a group of skydivers and custom graphic taken from the legitimate "Adventure Skydiving" website owned by Tim Eason.  The custom graphics that Defendants copied from the legitimate "Adventure Skydiving" website owned by Tim Eason include the identical words: "Are you ready to experience the most exhilarating, heart-racing, adrenaline-pumping thrill of your life?  Then do it.  Adventure Skydiving."

190.  The legitimate "Adventure Skydiving" website owned by Tim Eason includes a photograph of a woman wearing a bikini with the words "Learn to Skydive with us" and the adventure skydiving logo.  The bottom of the photograph includes the slogan "Are you up to it?" with the telephone number and the very bottom. Defendants' deceptive "Adventure Skydiving" website has a copy of this photograph and graphic, with the identical words and logo, but with Mr. Eason's telephone number deleted from the graphic.  Instead, Defendants' deceptive "Adventure Skydiving" website substituted Defendants' telephone number 1-800-642-JUMP, which is a telephone number that rings through to Defendants' telemarketing center.

191.  The legitimate "Adventure Skydiving" website owned by Tim Eason includes the following text on the home page:

Adventure Skydiving is Manitoba's most modern drop zone and the ONLY site in North America to offer Hang Gliding and Skydiving all in one place!! Whether you are only learning to skydive, or are an experienced jumper wanting to have fun or to hone your skills, we would like to invite you out to experience the thrill of skydiving.  With very modern facilities, state-of-the-art gear, CAPS certified instructors, and our best price guarantee (we will match anyone rates), we are certain that you will have a great time.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

What are you waiting for??

192. Defendants' deceptive "Adventure Skydiving" website copied this text and made

minor changes in it as follows:

Adventure Skydiving is Tennessee's most modern drop zone. Whether you are learning to skydive, or are an experienced jumper wanting to have fun or to hone your skills, we would like to invite you out to experience the thrill of skydiving. With very modern facilities, state-of-the-art gear, USPA certified instructors, we are certain that you will have a great time. What are you waiting for??

193. The legitimate "Adventure Skydiving" website owned by Tim Eason includes the

following text on a web page providing information for video packages:

You've done the jump, felt the wind in your face, the unbelievable thrill of free fall, the heart-pounding sensation of jumping out of a plane 3000 feet in the air... and it's all on tape.

194. Defendants' deceptive "Adventure Skydiving" website copied this text and made

minor changes in it as follows:

You've done the jump, felt the wind in your face, the unbelievable thrill of free fall, the heart-pounding sensation of jumping out of a plane 14000 feet in the air... and it's all on tape.

195. The legitimate "Adventure Skydiving" website owned by Tim Eason includes a

web page with the following frequently asked questions (and provides answers to

them):

What are the age requirements?
What are the physical requirements?
What do I wear?
What does the training consist of?
How much does it cost?
What is Tandem Jumping?
What if your parachute doesn't open?
How fast will I fall?
How hard is the landing?
How do you breath in freefall?
Where can I try Skysurfing or BASE jumping?
Glossary of skydiving terms & abbreviations

196. Defendants' deceptive "Adventure Skydiving" website copied this text and made

minor changes in it as follows:

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

What are the skydiving age requirements?
What are the physical requirements?
What do I wear to skydive?
What does the training consist of?
How much does it cost?
What is Tandem Skydiving?
What if your parachute doesn't open?
How fast will I fall?
How hard is the landing?
How do you breath in freefall?
Where can I try Skysurfing or BASE jumping?
Glossary of skydiving terms & abbreviations

197. Defendants' deceptive "Adventure Skydiving" website includes false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with another person, or as to origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by another, and misrepresents the nature, characteristics, qualities, or geographic origin of defendants' goods, services, and commercial activities.

198. Defendants' deceptive "Adventure Skydiving" website described above is only one of many websites that Defendants own, maintain, or are otherwise responsible for and which have copied Mr. Eason's "Adventure Skydiving" logo and other photographs, graphics and material from the legitimate "Adventure Skydiving" website owned by Tim Eason.  True and correct copies of web pages from such websites are attached hereto as Exhibit M.

199. Defendants' deceptive websites shown by the web pages included in Exhibit M misrepresent the nature, characteristics, qualities, and geographic origin of defendants' goods, services, and commercial activities, and Defendants misrepresent themselves as having fictitious skydiving centers in Kansas, Arkansas, Colorado, Connecticut, Illinois, Iowa, Washington, Oregon, Ohio,

South Carolina, North Dakota, Montana, Mississippi, Minnesota, Pittsburgh, Trenton, and St. Louis.  All of these skydiving centers have the same telephone number: 1-800-516-JUMP.

200.  Defendants' "Adventure Skydiving Kansas" web page included in Exhibit M states that "Adventure Skydiving Kansas serves all of Kansas including Topeka, Kansas City, and Wichita…", when in fact, no legitimate skydiving center in the State of Kansas will accept certificates from Defendants.  The "Adventure Skydiving Kansas" web page claims to have "the best safety record" in Kansas, when Defendants cannot have a safety record in Kansas, because Defendants have no skydiving center in Kansas and do not conduct skydiving operations in Kansas.

201.  In addition to the photographs, graphics, and other material taken from the legitimate "Adventure Skydiving" website owned by Tim Eason, Defendants have unlawfully taken photographs and other materials without permission from other websites, including copyrighted materials owned by Barnstorming Adventures Ltd in California.

**Defendants' Fraudulent Theft Of 800 Telephone Numbers Owned By Others To Redirect Callers To Defendants' Telemarketing Representatives**

202.  The 800 telephone number used by a particular drop zone or skydiving center can be a valuable asset.  Many skydiving centers spends large sums of money advertising the center's 800 number for consumers to call who wish to purchase a skydive.

203.  The Tennessee Skydiving Center in Tullahoma, Tennessee owned the 800 number 800 483-3483.  The Tennessee Skydiving Center had prominently advertised its 800 number on the company's website, on thousands of bumper

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

stickers, and other advertisements.  Tennessee Skydiving Center invested significant sums of money so that consumers in its market would associate that particular 800 number with Tennessee Skydiving Center.

204.  On October 30, 2004, Chris Martin, the owner of Tennessee Skydiving Center, lost his life in a tragic accident.  At the time of his death, Chris Martin had no other significant assets other then his business at the Tennessee Skydiving Center, and that is all that he left to his family when he died.  After his death, his brother attempted to sell the business at Tennessee Skydiving Center in an attempt to raise money for Chris Martin's widow Kristi, and his daughter Haley.  The 800 number was an important asset of the business, and critical to the on-going operations and success of the business.

205.  News of the death of Chris Martin spread through the skydiving community, and the fact of his death became generally known to other owners and operators of skydiving centers.

206.  On May 16, 2005, Defendants called AT&T and represented to AT&T that it was Chris Martin (who was dead) that was calling AT&T.  Falsely representing themselves to be Chris Martin, the Defendants had the 800 number for the Tennessee Skydiving Center changed so that when the number was called by customers, the call would be forwarded to Defendants' telemarketing center.

207.  The business at Tennessee Skydiving Center dropped off after the theft of the company's 800 number, and the financial situation for Chris Martin's family became so desperate that a fund raiser was held to raise money for Chris Martin's family.

208.  The wrongful actions of Defendants damaged the relatively defenseless widow and child left by the deceased.  The wrongful actions of Defendants damaged the business that the family depended on for support and harmed their attempts to

sell the business.

**Defendants' Use Of False Or Fabricated
Testimonials By Alleged Customers**

209. Defendants own, operate, and maintain websites that contain fictitious testimonials from alleged customers who purport to rave about their experience at Defendants' fictitious skydiving locations.  True and correct copies of selected web pages owned, operated and maintained by Defendants are collectively attached hereto as Exhibit N and are incorporated herein by reference.

210. For example, Defendants' website for Defendant Atlanta Skydiving Center ("ASC") includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Atlanta Skydiving Center."  (See Exhibit N.)  Consumers are invited to read them to "better understand why ASC is the place to skydive."  Included is a testimonial from Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Atlanta Skydiving Center on June 4, 2000 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

211. Defendants' website for the fictitious Montana Skydiving Center includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Montana Skydiving Center."  (See Exhibit N.) Consumers are invited to read "their thoughts about the Montana Skydiving Center experience.  Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Montana Skydiving Center on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

212. Defendants' website for the fictitious Jersey City Skydiving Center includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Jersey City Skydiving Center."  (See Exhibit N.) Consumers are invited to read "their thoughts about the Jersey City Skydiving Center experience.  Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Jersey City Skydiving Center on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

213. Defendants' website for the fictitious Skydive Salt Lake City includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Skydive Salt Lake City."  (See Exhibit N.)  Consumers are invited to read "their thoughts about the Skydive Salt Lake City experience. Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Skydive Salt Lake City on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

214. Defendants' website for the fictitious Hawaii Skydive Center includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Hawaii Skydive Center."  (See Exhibit N.)  Consumers are invited to read "their thoughts about the Hawaii Skydive Center experience.

Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Hawaii Skydive Center on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

215. Defendants' website for Skydive Knoxville includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Skydive Knoxville."  (See Exhibit N.)  Consumers are invited to read "their thoughts about the Skydive Knoxville experience.  Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Skydive Knoxville on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

216. Defendants' website for Skydive Birmingham includes letters and testimonials from "Many of the Thousands of first time skydivers that have made their skydives at Skydive Birmingham / Alabama Skydiving Center."  (See Exhibit N.) Consumers are invited to read "their thoughts about the Alabama Skydiving Center experience.  Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the *Birmingham Skydiving Center* on June 4, 2000 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

217. Defendants' website for Alabama Skydiving Center includes a web page of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

"Letters from New Skydivers." (See Exhibit N.) Defendants represent on this web page that "Many of the Thousands of first time skydivers that have made their skydives at Alabama Skydiving Center / Alabama Skydiving Center have taken the time to write down some of their thoughts about the Alabama Skydiving center experience." Consumers are invited to read these letters and testimonials to "better understand why ASC [Alabama Skydiving Center] is the place to skydive." Included is a testimonial from the same Sheila Haigler, who is quoted as saying:

> I wanted to write and tell you how much I enjoyed my first skydive. I recently attended the Alabama Skydiving Center on June 4 and made my first tandem jump. It was such an adrenaline rush. I loved it so much that I hope to be back before too long and bring some friends with me. I would like to thank my tandem instructor, Danny, for such a great first skydive. Not to forget the awesome job that Steve did on videoing my first jump. Thanks guys for such a great experience.

218. Sheila Haigler is also quoted on Defendants' Skydive Nashville website as well. (See Exhibit N.)

219. Defendants' testimonials and letters are fictitious and false, and are calculated to deceive and mislead consumers. For example, the same Sheila Haigler could not have made her "first skydive" on the same day (a) at the Atlanta Skydiving Center, (b) at the Montana Skydiving Center, (c) at the Jersey City Skydiving Center, (d) at Skydive Salt Lake City, (e) at the Hawaii Skydive Center, (f) at Skydive Knoxville, (g) at the Birmingham Skydiving Center, and (h) at the Alabama Skydiving Center. Nor could she possibly have had the same tandem instructor "Danny" at each of those locations, and the same person "Steve" videotaping her "first jump." The example given above for Sheila Haigler is but one example of many other deceptive acts and practices by Defendants.

**Defendants' Deceptive "Birmingham Skydiving" Website**

220.    Defendants have hundreds of websites that deceive consumers and falsely represent that Defendants have skydiving centers in locations throughout the country with skydiving facilities, experienced staff, and available aircraft, when in fact, Defendants have no such skydiving centers.

221.    For example, Defendants have a website for "Birmingham Skydiving," when in fact Defendants have no skydiving facility located in Birmingham, Alabama.

222.    Defendants' "Birmingham Skydiving" website states that "Skydiving in Birmingham Alabama is the most exciting things that you will ever experience," when in fact Defendants do not have a facility for skydiving in Birmingham, Alabama.

223.    Defendants' "Birmingham Skydiving" website states that "we at Skydive Birmingham recommend that you do a tandem skydive first," when Defendants are not in fact at Birmingham, Alabama.

224.    Defendants' "Birmingham Skydiving" website states that "Skydive Birmingham employs only the safest skydiving instructors in all of Alabama," when in fact there are no skydive instructors employed by Skydive Birmingham in Alabama.

**Defendants' Deceptive "Skydiving Tennessee" Website**

225.    Defendants have a website that portrays themselves as operating a skydiving center called "Skydiving Tennessee," when in fact Defendants have no skydiving facility located in the State of Tennessee.

226.    Defendants' "Skydiving Tennessee" website states that "Skydive Tennessee employs only the safest skydiving instructors in all of Tennessee," when in fact there are no skydive instructors employed by Skydive Alabama in Alabama.

227. Defendants' "Skydiving Tennessee" website states that "we at Skydive Tennessee recommend that you do a tandem skydive first," when Defendants are not in fact at Tennessee.

228. Defendants' "Skydiving Tennessee" website tells the consumer that "You will be skydiving besides two of our highly trained Tennessee Skydiving Instructors," when in fact Defendants do not have Tennessee Skydiving Instructors.

**Defendants' Violations Have Been Willful And Deliberate**

229. The above-described deceptive acts by Defendants are only the tip of the iceberg. Defendants have engaged in numerous deceptive acts and practices, and have made countless false representations that are likely to cause confusion, or to deceive consumers.

230. Defendants' deceptive websites use words, terms, names, symbols, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with another person, or as to origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by another, and in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, all in violation of 15 U.S.C. §1125(a).

231. Defendants have engaged in a civil conspiracy with a common plan or scheme to use deceptive websites to deceive consumers and obtain money from such consumers in exchange for "certificates" that are represented to be redeemable for one or more skydives at fictitious skydiving centers.  Defendants have engaged in a civil conspiracy and/or a common plan or scheme to use words,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

terms, names, symbols, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with another person, or as to origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by another, and in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods, services, or commercial activities, all in violation of 15 U.S.C. §1125(a).

232. Defendants have engaged in willful and deliberate violations of 15 U.S.C. § 1125(a), and have bragged that no one in the skydiving community has sufficient money to be able to afford to bring legal proceedings to stop them.

233. The acts of Defendants described above were, and are deliberately calculated to confuse, and/or deceive the public, and said acts, constitute willful and deliberate violations of 15 U.S.C. § 1125(a).

234. By reason of the acts of Defendants alleged herein, Skydive Arizona and other legitimate skydiving centers have suffered, are suffering, and will continue to suffer irreparable damage; and unless Defendants are restrained, the damage and irreparable harm to Skydive Arizona and other legitimate skydiving centers will increase.

235. Skydive Arizona has no adequate remedy at law.

## COUNT II - TRADEMARK INFRINGEMENT

236. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 235.

237. Plaintiff's trademark and service mark "Skydive Arizona" has become distinctive of Plaintiff as a source of quality goods and services, and has acquired secondary meaning.  Plaintiff owns common law trademark rights in the mark "Skydive

Arizona," and the mark is protectable under 15 U.S.C. 1125(a) and under common law.

238. Plaintiff's mark "Skydive Arizona" has previously been litigated in this district, and has been found to be valid and enforceable.  Plaintiff obtained a judgment that the mark "Skydive Arizona" was infringed by the use of "Arizona Skydiving" or "Arizona Skydiving Coolidge" in Civil Action No. CV 01-1854 PHX-SMM.

239. Defendants are using the mark "Skydiving Arizona" in competition with Plaintiff in the State of Arizona, and Defendants' use of such mark is likely to cause confusion, or to cause mistake, or to deceive.

240. Defendants are using the mark "Skydive Arizona" in competition with Plaintiff in the State of Arizona, and Defendants' use of such mark is likely to cause confusion, or to cause mistake, or to deceive.

241. Defendants are using the mark "Arizona Skydiving" in competition with Plaintiff in the State of Arizona, and Defendants' use of such mark is likely to cause confusion, or to cause mistake, or to deceive.

242. Defendants' acts of trademark infringement were undertaken with knowledge of Plaintiff's mark, and have been willful and deliberate, and in bad faith.

243. Defendants' acts of trademark infringement have caused damage to Plaintiff.

244. Skydive Arizona has suffered irreparable harm, and has no adequate remedy at law.

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

### COUNT III - FALSE DESIGNATION OF ORIGIN AND
### UNFAIR COMPETITION UNDER FEDERAL LANHAM ACT § 43(d)

245. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 244.

246. Defendants have a bad faith intent to profit from the fame, goodwill and secondary meaning enjoyed by Plaintiff's "Skydive Arizona" mark.

247. Defendants have registered, trafficked in, and/or used one or more domain names that are identical or confusingly similar to Plaintiff's "Skydive Arizona" mark.

248. Plaintiff's "Skydive Arizona" mark has been in use by Plaintiff since 1986, and had become distinctive at the time of registration of Defendants' confusingly similar domain names.

249. Defendants used such domain names with the intent to divert consumers from Skydive Arizona's online location to a site accessible under Defendants' domain names for Defendants' own commercial gain. Defendants have harmed the goodwill represented by Plaintiff's "Skydive Arizona" mark. Defendants performed their acts complained of herein with the intent to tarnish or disparage Plaintiff's "Skydive Arizona" mark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' sites.

250. Defendants have specifically advised consumers that Defendants certificates were accepted at Skydive Arizona, implying sponsorship, affiliation, or endorsement of Defendants' sites by Plaintiff, and these acts resulted in the tarnishment or disparagement of Plaintiff's goodwill symbolized by the "Skydive Arizona" mark when such consumers traveled significant distances to appear at Plaintiff's skydiving center only to be informed that their certificates were not accepted at Skydive Arizona.

251. Defendants have registered or acquired multiple domain names which

Defendants know or should have known are identical or confusingly similar to the marks of others, including Plaintiff's "Skydive Arizona" mark.

252. Defendants' acts in violation of 15 U.S.C. § 1125(d) were undertaken with knowledge of Plaintiff's mark, and have been willful and deliberate, and in bad faith.

253. Defendants' acts in violation of 15 U.S.C. § 1125(d) have caused damage to Plaintiff.

254. Skydive Arizona has suffered irreparable harm, and has no adequate remedy at law.

WHEREFORE, Plaintiff Skydive Arizona hereby prays for:

I.    Judgment that Defendants' conduct violates 15 U.S.C. § 1125(a), and that Defendants actions have been willful and in bad faith.

II.   A temporary and permanent injunction enjoining Defendants, their agents, servants, employees, attorneys and those persons in active concert or participation with them from:

A.    advertising, offering for sale, marketing, distributing, selling or promoting any skydiving related products or services using any false designation of origin, false or misleading description of fact, or any false or misleading representation of fact;

B.    using in connection with any skydiving related products or services, any promotional materials, advertisements, fliers, brochures, proposals, labels, signs, contacts, invoices, or other materials printed, electronic or otherwise,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

or Internet or on-line website, which suggest that Defendants offer any goods or services in Arizona or in any other State or location where Defendants do not own and operate a bona fide skydiving center; and

C.   an order enjoining Defendants from continuing to use any of the Internet websites and domain names listed in Exhibit A to the Complaint, and ordering the forfeiture and cancellation of all confusing domain names used by Defendants pursuant to 15 U.S.C. § 1125(d)(1)(C).

D.   an order enjoining Defendants' acts of trademark infringement, and prohibiting Defendants from using any mark that is confusingly similar to "Skydive Arizona."

III.   A temporary and permanent injunction directing Defendants to recall all advertising and Internet web pages bearing any photograph of a Skydive Arizona aircraft or photographs taken without permission from any other website, and to deliver up under oath for destruction, all Internet web pages, promotional materials, advertisements, fliers, brochures, labels, signs, contracts, proposals, invoices, T-shirts, or other materials in its possession, custody or control which bear any photograph of a Skydive Arizona aircraft, any photograph taken at Skydive Arizona, any photograph taken without permission from another website that does not belong to Defendants, and to file with this court in writing, under oath, setting-forth in detail the manner in which Defendants have complied with this injunction.

IV.   A temporary and permanent injunction directing Defendants to cease all use of Internet websites and domain names, and 800 telephone numbers associated therewith, that are geographically misdescriptive of Defendants' goods, services, or commercial

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

activities, or which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' goods, services, or commercial activities.

V.      A temporary and permanent injunction to shut down all Internet websites and enjoin the use by Defendants of all domain names and 800 telephone numbers unless and until the content thereof is submitted to and approved by a special master appointed by the Court (whose costs and expenses are paid by and taxed to Defendants) and which special master shall not approve the use of such Internet websites, domain names or 800 telephone numbers unless the special master is convinced by Defendants that the content of such websites and the use of such domain names and 800 telephone numbers are not likely to cause confusion, or to cause mistake, or to deceive consumers.

VI.     A temporary and permanent injunction directing Defendants to conduct remedial advertising, and to read a statement to every person who calls one of the Defendants' 800 telephone numbers, to advise the public and skydiving community that Defendants do not have skydiving centers at any of the fictitious locations portrayed on Defendants' websites, that Defendants do not have skydiving centers in any State or location other than specifically identified locations that Defendants can satisfactorily demonstrate to the Court's satisfaction are directly owned and controlled by Defendants.

VII.    A temporary and permanent injunction directing Defendants to conduct remedial advertising to advise the public and skydiving community that Defendants certificates cannot be redeemed at Skydive Arizona.

VIII.    An award of Defendants' profits, including all profits earned as a result of their acts in violation of 15 U.S.C. § 1125(a), and in addition an award of all damages suffered by Skydive Arizona as a result of Defendants' violations of 15 U.S.C. § 1125(a).

IX.    Trebling the amount awarded to Plaintiff in view of Defendants' knowing and willful infringement and deliberate violations of 15 U.S.C. § 1125(a) and bad faith in connection therewith.

X.    An award of all of Skydive Arizona's attorneys' fees incurred in this action.

XI.    An award of costs to Skydive Arizona.

XII.    That Skydive Arizona have such other and further relief as the court may deem appropriate to ensure that Defendants' violations of 15 U.S.C. § 1125(a) are unprofitable, and to prevent the public from deriving the erroneous impression that the certificates provided or promoted by Defendants are authorized or accepted by Skydive Arizona or that Defendants are in any way related to, affiliated with, approved or sponsored by, Skydive Arizona.

DATED this 26th day of August, 2005.

SNELL & WILMER L.L.P.

By  s/ Sid Leach

Sid Leach
Attorney for Plaintiff Skydive Arizona, Inc.

One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6372
Facsimile:  (602) 382-6070

E-mail:  sleach@swlaw.com