**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Skydive Arizona, Inc., | No. CIV 05-2656-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Cary Quattrochi; Ben Butler; 1-800-Sky-Ride; 1800SKYRIDE.COM; Atlanta Skydiving Center; and CASC Inc., | |
| Defendant. | |
| And related Counterclaims and Third-Party claims | |

Currently before the Court is Larry Hill's Motion to dismiss Third-Party Complaint, or Alternatively, Motion to Strike Third-Party Complaint. (Dkt.#54). After reviewing the pleadings and finding oral argument to be unnecessary the Court enters the following Order.

**I.     Background**

Because the Parties are intimately familiar with the factual and procedural background of this litigation as expressed in the Court's previous orders in this matter, the Court will not restate such history now except to the extent it is relevant to the instant Motion to dismiss. On March 13, 2007, Plaintiff Skydive Arizona, Inc., ("Plaintiff") filed its Amended Complaint naming Defendants Cary Quattrocchi; Ben Butler; USSO, LLC; Atlanta SC, Inc., and CASA, Inc. ("Defendants"), asserting claims of unfair competition, trademark

infringement and false designation of origin pursuant to the Lanham Act, 15 U.S.C. §§ 1051-1127. (Dkt.#49). On March 30, 2007, the Defendants answered Plaintiff's Amended Complaint and Defendants USSO, LLC; Atlanta SC, Inc., and CASA, Inc., (the "Corporate Defendants"), asserted counterclaims and a "Third Party Complaint" against Plaintiff and Third-Party Defendant Larry Hill ("Mr. Hill") of unfair competition, tortious interference with contract, tortious interference with business expectancy and declaratory judgment of non-infringement. (Dkt.#51). Instead of answering the Corporate Defendant's third-party claims, Mr. Hill filed the instant Motion to dismiss challenging the claims against him.

## II.     Analysis

Mr. Hill contends that the Corporate Defendants' third-party practice naming Mr. Hill runs afoul of Rule 14(a) of the Federal Rules of Civil Procedure. Specifically, Mr. Hill contends that the Corporate Defendants' Third-Party Complaint fails to give any indication that Mr. Hill is or may be liable to the Corporate Defendants in the event the Corporate Defendants are held to be liable to the Plaintiff. Mr. Hill's contention is premised on the plain language of Rule 14(a) Fed.R.Civ.P. which provides for the filing of a third-party complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." As such, "a third-party claim may be asserted pursuant to Rule 14(a) only when the third-party's liability is dependent upon the outcome of the main claim and the third-party's liability is secondary or derivative." General American Life Ins. Co. v. Rana, 769 F.Supp. 1121, 1124 (N.D. Cal. 1991) (citing United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983), *cert denied*, 464 U.S. 1071 (1984)).

In response to Mr. Hill's argument, the Corporate Defendants expressly state that their claims are not asserted against Mr. Hill pursuant to Rule 14(a) Fed.R.Civ.P., and that "the Corporate Defendants seek neither indemnification nor contribution from [Mr.] Hill for Plaintiff's claims against them, nor have they alleged that the claims against [Mr.] Hill are dependent on the outcome of Plaintiff's claims against the Corporate Defendants." (Corporate Defendants' Response, p.3). Rather, the Corporate Defendants contend that their

- 2 -

1  claims are asserted against Mr. Hill pursuant to Rules 13(h) and 20(a) Fed.R.Civ.P. and that
2  Mr. Hill is an "additional party" to the Corporate Defendants' "counterclaims" against
3  Plaintiff. (Id.). Rule 13(h) provides that "[p]ersons other than those made parties to the
4  original action may be made parties to a counterclaim or cross-claim in accordance with the
5  provisions of Rule 19 and 20." Rule 20(a) goes on to provide in pertinent part:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

9  Thus, according to the Corporate Defendants, because there is an independent
10 jurisdictional basis to add Mr. Hill and the claims and allegations asserted against Mr. Hill
11 are "the same or similar to the facts and circumstances surrounding [Plaintiff's] tortious
12 conduct," Mr. Hill can be added to the Corporate Defendants' counterclaims "to ensure
13 complete relief for the damages caused by [Mr.] Hill's conduct." (Corporate Defendants'
14 Response, pp.4-5).

15 In reviewing the arguments advanced, the Court notes that Mr. Hill is correct in his
16 interpretation of Rule 14(a) and its lack of application to the Corporate Defendants' claims
17 against him. Notably, the Corporate Defendants styled their response pleading as a
18 "Counterclaim" and a "Third-Party Complaint" (Dkt.#51). However, while the Corporate
19 Defendants' may have been deficient in the styling of their pleadings, the Court finds that
20 this deficiency does not rise to the level to support the relief sought by Mr. Hill. A plain
21 reading of the allegations and claims asserted against Mr. Hill demonstrate that the Corporate
22 Defendants seek independent relief against Mr. Hill in the form of counterclaims and not any
23 type of derivative or secondary relief from a third-party complaint. Such allegations and
24 claims implicate Rules 13(h) and 20(a) of the Federal Rules of Civil Procedure. Moreover,
25 Mr. Hill does not contend that the Corporate Defendants' claims are somehow flawed under
26 Rule 13(h) or 20(a). Thus, the Court will deny Mr. Hill's Motion to dismiss or strike the
27 allegations and claims asserted against him by the Corporate Defendants. See General
28 American, 769 F.Supp. at 1124-25 (reviewing third-party complaint under both Rule 14(a)

and 13(h) Fed.R.Civ.P., where there was ambiguity associated with the procedure used by defendant to name and join third-party to the litigation).

**Accordingly,**

**IT IS HEREBY ORDERED** denying Larry Hill's Motion to dismiss Third-Party Complaint, or Alternatively, Motion to Strike Third-Party Complaint. (Dkt.#54).

DATED this 5th day of September, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -