**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Skydive Arizona, Inc., | ) | No. CV 05-2656-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Cary Quattrocchi, et. al., | ) | |
| Defendants. | ) | |

The Court is in receipt of Defendants' Motion to Stay Judgment Pending Appeal, (Dkt. #451), and Plaintiff Skydive Arizona's Motion for Order Certifying Judgment for Registration in Northern District of Georgia for Good Cause Shown Pursuant to 28 U.S.C. § 1963. (Dkt. #453). Having considered the Parties' briefs, the Court issues the following Order:

I. BACKGROUND

Judgment in favor of Plaintiff for over $9,600,000 was entered on April 16, 2010. (Dkt. #447). On April 30, 2010, Defendants filed their Motion to Stay Judgment Pending Appeal, (Dkt. #451), and it became fully briefed on May 26, 2010. On May 3, 2010, Plaintiff filed its Motion for Order Certifying Judgment for Registration in Northern District of Georgia for Good Cause Shown Pursuant to 28 U.S.C. § 1963. (Dkt. #453), and it became fully briefed on May 20, 2010.

## II. DEFENDANTS' MOTION TO STAY

In their motion, Defendants state that they have been unsuccessful in their attempts to secure a supersedeas bond, which would have resulted in an automatic stay of execution of the judgment pursuant to Federal Rule of Civil Procedure 62(d). FED.R.CIV.P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The stay takes effect when the court approves the bond."). In light of this failure, Defendants ask this Court to exercise its inherent authority to stay Plaintiff's collection of the judgment pending the results of their appeal to the Ninth Circuit. Taylor v. Horizon Distribs., Inc., 2010 U.S. Dist. LEXIS 20226, *2 (D. Ariz. Feb. 16, 2010) ("In certain circumstances, a district court may waive the bond requirement and still stay the judgment."). Plaintiff, opposes this request.

"Because the posting of a bond is itself a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money, [] the Court should not depart from the usual requirement of a full security supersedeas bond" unless the moving party demonstrate[s] the reasons for such a departure." Id. (internal quotations omitted). In determining whether to waiver the bond requirement, there are several factors a court may consider: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. United States v. Boyce, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations and quotations omitted)). In lieu of fully waiving the bond requirement, the Court may also approve the posting of alternate security. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1991).

Defendants argue that a stay is necessary because they have insufficient funds to secure a supersedeas bond or pay the judgment, and that absent a stay Plaintiff's collection efforts will drive them into bankruptcy. They have offered, however, to post alternative

security in the form of a building, owned by Defendant Ben Butler, the equity of which Defendant Butler values at approximately $1,125,000.00. They also have stated their intention to devote profits from their businesses to paying of the judgment, and are willing to demonstrate those profits are being maintained during the pendency of the appeal by providing Plaintiff with quarterly reports concerning the income and assets of those businesses. Plaintiff opposes Defendants' request on several grounds, most notably that the alternative security proposed by Defendants is inadequate, Defendants' current financial condition is the result of fraudulent transfer and dissipation of assets, and the factors that guide a court's discretion do not favor a stay in this case.

The Court begins its analysis by noting its skepticism as to Defendants' characterization of their assets. In 2007, Plaintiff requested that this Court freeze Defendants' assets. During those proceedings, Defendants represented to this Court that one of their companies, IGOVincent, has an annual revenue of $8,000,000.00 and generated a net income of $1,500,000.00 to $2,000,000.00 annually, and that the company's value was in excess of $5,000,000.00 (Dkt. #247, Declaration of Yvonne Cline). Now, Defendant Quattrocchi states that IGOVincent only made 70,000-80,000 last year, and is worth very little. Defendants, in their motion, have not provided bank statements or other documentary proof that proves or accounts for the sudden drop in the value of their company or supported their other representations concerning their deteriorated financial status. Additionally, Plaintiff has brought to this Court's attention a number of financial transactions consummated by Defendants during the pendency of this lawsuit which, at least as described by Plaintiff, evidence some of the "badges of fraud" from which intent to defraud a creditor may be inferred under the Arizona Fraudulent Transfer Act. See Arizona Revised Statutes ("A.R.S.") § 44-1004. These transactions include Defendant Quattrocchi's transfer of his home to his mother, Defendant Quattrocchi's transfer of property to Defendant Butler's wife for no consideration, and the transfer of all assets from USSO to IGOVincent. Merchant Transaction Systs. V. Necela, Inc., 2010 U.S. Dist. LEXIS 12607, at *8 (D. Ariz. Jan. 29, 2010) (stating that badges of fraud "include, but are not limited to (1) transfer to an insider;

1  (2) the debtor retained possession of the transferred asset; (3) prior to the transfer, the debtor had been threatened with suit; (4) the asset was transferred shortly before or after the incurrence of a substantial debt." (citing A.R.S § 44-1004(B)).[1]

In light of the suspicious transactions Defendants have engaged in, the contradictory positions concerning their financial health, and the lack of documentary evidence provided as to their finances, the Court finds that the first factor—the complexity of the collection process—weighs against waiver of the bond requirement. So to do factors two and three; obtaining a judgment after affirmation on appeal will certainly be a time-consuming process, and based on the Defendants' own representations of their financial situation and the large size of the judgment against them, Defendants have given this Court little reason to have confidence in the availability of funds to pay that judgment. The fourth factor is clearly inapplicable in this case. And, as for factor five, Defendants assert that should collection be allowed to proceed, both of their businesses will be forced to declare bankruptcy, and they will likely be forced into bankruptcy as well. Like the judgment-debtor in Taylor, Defendants " have provided no evidence supporting [their] contentions that [they] would be forced to seek bankruptcy protection and that [their] other creditors would be harmed." See Taylor, 2010 U.S. Dist. LEXIS 20226 at * 3. Factor five, as a result, does not support waiving the bond requirement. Having reviewed the relevant factors, none of which favor Defendant's position, this court has little choice but to conclude that Defendants have not met their burden of proving that the Court should waive the bond requirement. Id. at * 4–5 (stating that the judgment debtor has the burden of proof regarding waiver of the bond requirement).

That being said, Defendants have not merely asked for a full waiver, they have proposed the alternative security of the building owned by Defendant Butler. Defendants,

---

[1] Plaintiff, in its response brief, has asked this Court to exercise its power under the Arizona Fraudulent Transfer Act and undo the transactions Plaintiff has highlighted. Plaintiff, however, did not fashion its request as a motion and, as a result, the Court is unable to consider this request.

- 4 -

however, have not provided this Court with an independent appraisal of the property's value and, indeed, have not even provided proof of ownership of the building—Defendant Butler states only that the building is an "asset that I control." And while they have expressed their willingness to assist Plaintiff in perfecting a judgment lien against the property, they have not explained how they can ensure Plaintiff's lien would give Plaintiff superior rights over the mortgage lien held by the bank (Defendant states that he still owes $875,000 on the balance of the mortgage). Under normal circumstances, the lack of a reliable appraisal and the outstanding mortgage lien on the building both strongly mitigate against accepting the building as an alternative security to a supersedeas bond. Walnut Creek Manor, LLC v. Mayhew Ctr., LLC, 2010 U.S. Dist. LEXIS 22988, *21, 21-22 (N.D. Cal. Feb. 22, 2010) (rejecting judgment debtor's attempt to offer his property as an alternate form of security because "it [wa]s not clear that this appraisal is reliable," and because the presence of a pre-existing encumbrance meant there was no guarantee that judgment creditor would be able to recover). In light of Defendants' pervious lack of candor in their business operations and contradictory representations concerning their finances, the Court is especially unprepared to merely take Defendant Butler's unsubstantiated word concerning the value of the building or his ownership of it. Accordingly, the Court is unwilling, at this time, to accept as adequate the alternative security offered by Defendants

In so doing, the Court is not unaware of Defendants' assertion that they will be driven to bankruptcy in the absence of a stay or alternative security. Bankruptcy proceedings are certainly not a desirable result. Defendants cite to cases in which district courts faced with factually similar circumstance have sought to fashion remedies that benefit both parties by "provide[ing] security such that plaintiff[] will be in nearly the same position at the conclusion of the appeal of this case as they are currently." See, e.g., Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va. 1999). Defendants, however, have tied the Court's hands as to such a remedy by failing to document with verifiable evidence the true nature of their current finances and assets. Were the Defendants open their books completely to Plaintiff and this Court, and demonstrate the

- 5 -

1  actual and true nature of their financial situation, this Court might be inclined to fashion an
2  alternative security arrangement which would preserve the status quo. At this time, however,
3  the Court is without sufficient information to do so and must, in its discretion, deny
4  Defendants' motion.

III.     PLAINTIFF'S MOTION TO CERTIFY JUDGMENT

Plaintiff requests that this Court certify the judgment in the Northern District of Georgia. The registration of judgments process is set forth in 28 U.S.C. § 1963, which provides in relevant part as follows:

> A judgment in an action for the recovery of money or property entered in any []district court ...may be registered by filing a certified copy of the judgment in any other district [], . . .when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

As the Ninth Circuit has explained, "Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" Columbia Pictures Indus., Inc, v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001). "[T]he 'good cause' language 'entered the statute in 1988 to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district.'" Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 371 (7th Cir. 1991). "'[T]he courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'" Columbia Pictures, 259 F.3d at 1197-98. Indeed, "[a]s explicitly addressed in the commentary to the 1988 amendment [to § 1963], good cause can be shown 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment.'" Chicago Downs, 944 F.2d at 372 n.3 (emphasis in Chicago Downs) (quoting Associated Business Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989) ( quoting Siegal, Commentary to 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989))).

Having reviewed Plaintiff's brief and the accompanying exhibits, the Court finds that Defendants primarily have assets in Georgia, not Arizona. The Court also finds that failure to certify the judgment would likely result in dissipation of those assets, causing the judgment to be frustrated. The Court notes also that Defendants have not substantively opposed Plaintiff's request for certification. Instead, they have responded by briefly repeating the arguments made in support of their Motion to Stay, and even agreeing that registration in Georgia would be appropriate if the Court granted their Motion for a Stay. The Court, therefore, finds that Plaintiff has demonstrated good cause and will grant the motion to certify the judgment in the Northern District of Georgia.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Stay Judgment Pending Appeal. (Dkt. #451).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Order Certifying Judgment for Registration in Northern District of Georgia for Good Cause Shown Pursuant to 28 U.S.C. § 1963. (Dkt. #453).

**IT IS FURTHER ORDERED** certifying the final judgment in this case for registration in the Northern District of Georgia.

DATED this 17th day of June, 2010.

_____
Mary H. Murguia
United States District Judge