**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Skydive Arizona, Inc., | No. CV 05-2656-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Cary Quattrocchi, et al., | |
| Defendants. | |

The Court is in receipt of Plaintiff's Motion to Require Defendants to Perform Renewal Requirements to Effectuate Transfer of Domain Name. (Doc. 465). Having conspired the Parties filings, the Court issues the following Order:

**I.    FACTUAL BACKGROUND**

On April 29, 2010, this Court entered a permanent injunction requiring Defendants, among other things, to transfer six domain names to Plaintiff. (Doc. 448). Defendants complied with the injunction as to five of the domain names. As to a sixth, <arizonaskydive.com>, Defendants informed Plaintiff that they could not make the required transfer because they no longer owned the domain name, as they mistakenly allowed their registration of <arizonaskydive.com> to expire on or about September 2008. In their response, Defendants assert that it could not transfer, re-register, or re-purchase <arizonaskydive.com> because a company called Dynadot now owns the domain name. Since the filing of Plaintiff's motion, <arizonaskydive.com> has been transferred to another

1 domain name registrar, Annulet, Inc, and entering the domain name into an internet browser
2 brings up a page that indicates <arizonaskydive.com> is available for purchase through
3 www.buydomains.com. It appears that the current owner of the domain name is unknown.
4 Dynadot, however, was probably not the actual owner of the domain name, as it is a domain
5 name registration service that allows customers to utilize a private domain name registration
6 procedure whereby the contact information of the domain-name's owner is replaced with that
7 of Dynadot, preventing members of the public from seeing who actually owns the domain
8 name. See Dynadot, Private Domain, *available at*
9 http://www.dynadot.com/domain/privacy.html (last visited July 28, 2010).

## II. DISCUSSION

Plaintiff alleges that Defendants intentionally allowed their registration of <arizonaskydive.com> to expire. Defendants claim their loss of this domain name was an innocent mistake. Ultimately, Defendants' motive for allowing their registration to lapse is unimportant. What matters is that Defendants had an obligation to maintain their ownership of <arizonaskydive.com>, but failed to do so, and, as a result, have not complied with the permanent injunction.

Prior to this lawsuit, <arizonaskydive.com> was the subject of a 2006 National Arbitration Forum ("NAF") dispute between the Parties brought in accordance with the Internet Corporation for Assigned Names and Number's ("ICANN") Uniform Domain Name Dispute Resolution Policy ("UDNDRP"). (Doc. 485, exh. B). The UDNDRP governed the proceeding, as Enom Inc., the registrar of <arizonaskydive.com> at that time, had fully incorporated the UDNDRP into its registration agreement. (Id. at 1). On September 25, 2006, a panel of the NAF ordered Defendants to transfer <arizonaskydive.com> to Plaintiff. This transfer never occurred. Pursuant to the UDNDRP, a domain-name registrar is not required to effectuate a domain-name transfer ordered through an administrative proceeding if the losing party provides documentation demonstrating it has commenced a lawsuit against the prevailing party that might affect the NAF's decision . (Id., exh. C, p.6). Presumably, Enom, Inc. did not transfer <arizonaskydive.com> to Plaintiff because Defendants notified

Enom, Inc., of Count IV of their counterclaims in this lawsuit, which specifically asked this Court to enjoin the transfer of <arizonaskydive.com> as ordered by the NAF. (Doc. #51, Counterclaim at Count IV, p. 51–57, and prayer for relief, p. 57–58; Doc. # 174, Counterclaim at Count IV, p. 46–52, and prayer for relief, p. 52–53).

Because Defendants utilized this lawsuit as a mechanism to prevent enforcement of the NAF's decision, Plaintiff argues that Defendants had an obligation to maintain the status quo with respect to their ownership of <arizonaskydive.com> during the pendency of this action. This reasoning is sound. Were it otherwise, litigation and arbitration decisions concerning proper ownership of domain names could easily be thwarted by defendants who allowed their domain name registrations to expire, then claimed they did so by mistake. Additionally, prior to the entry of the permanent injunction, Defendants had every opportunity to inform this Court that their ownership of <arizonaskydive.com> had lapsed, but failed to do so. Consequently, the Court has little sympathy for the predicament in which Defendants now find themselves; in non-compliance with the permanent injunction.

The question becomes, then, what is the appropriate remedy. Federal Rule of Civil Procedure 70 governs enforcement of judgments requiring specific performance. "According to its plain language, this rule applies only to parties who have failed to perform specific acts pursuant to a judgment." Westlake N. Prop. Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990). Under the rule, "a district court may direct a party to complete a specific act where the district court previously directed the same party to perform the same act in its final judgment and that party has failed to comply." Analytical Eng'g, Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 451 (7th Cir. 2005). Additionally, Rule 70 allows courts to hold the disobedient party in contempt. FED.R.CIV.P. 70 (e).

There does not appear to be any dispute that Defendants have failed to comply with the Court Order of specific performance regarding the transfer of <arizonaskydive.com>. The Court finds, therefore, that Plaintiff has made a *prima facie* showing of contempt. United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (noting that the burden is on the party alleging civil contempt to demonstrate the alleged contemnor violated the Court's order).

Defendants' sole defense appears to be that compliance with the permanent injunction is not possible. "An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply." Ayres, 166 F.3d at 994. "Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey." United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996) (internal quotations omitted). While it is true that Defendants cannot presently comply, their inability to do so is a direct consequence of their own failure to maintain their ownership of <arizonaskydive.com>. In this circumstance, it would be inequitable for Defendants to avoid any penalty for their self-inflicted inability to comply with the permanent injunction, as such an outcome would reward their negligent conduct and frustrate the ruling of the NAF.

Accordingly, pursuant to Rule 70, the Court orders Defendants to comply with the permanent injunction and transfer <arizonaskydive.com> to Plaintiff.[1] Should they fail to make the required transfer, the Court will hold Defendants in contempt and sanction them $10,000.00 for not complying with the permanent injunction. The Court finds that such an amount will adequately compensate Plaintiff for the expense of recovering <arizonaskydive.com>. In making this decision, the Court is not unaware that Plaintiff, as Defendants suggest, might be able to rectify this situation on its own by initiating *in rem* proceeding under 15 U.S.C. § 1125(d)(2)(A). The Court finds, however, that it would be inequitable to force Plaintiff to incur additional costs to rectify a problem caused by Defendants.

**Accordingly,**

---

[1] Plaintiff requests that this Court force Defendants to re-purchase <arizonaskydive.com>, then transfer it to Plaintiff. The Court, however, has serious misgivings about the propriety of Plaintiff's proposed remedy as it would require Defendants to take an action that is not required by the permanent injunction; purchasing the domain name from a third party. Nothing, however, prevents Defendants from repurchasing the domain name and transferring it to Plaintiff, especially if they determine doing so would be cheaper than non-compliance with the permanent injunction.

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Require Defendants to Perform Renewal Requirements to Effectuate Transfer of Domain Name. (Doc. 465). Defendants are ordered to comply with the permanent injunction and transfer <arizonaskydive.com> to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants will be found in contempt of court and fined $10,000 if they have failed, within two weeks from the date of this Order, to transfer <arizonaskydive.com> to Plaintiff.

DATED this 28th day of July, 2010.

_____
Mary H. Murguia
United States District Judge