**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Skydive Arizona, Inc., | Case No. CV05-2656-PHX-DGC |
| *Plaintiff*, | |
| *vs*. | ORDER |
| Cary Quattrocchi, *et al.,* | |
| *Defendants*. | |

The district court judgment in this case is on appeal. Plaintiff seeks to certify the judgment notwithstanding appeal pursuant to 28 U.S.C. § 1963. Doc. 529. Registration is sought in Pennsylvania, Alabama, Tennessee, New Jersey, Texas, California, Illinois, and Indiana. *Id*. at 3. Plaintiff alleges that Defendants have assets in and own businesses that operate within these jurisdictions. *Id.* Defendants respond that the businesses asserted by Plaintiff no longer operate in those jurisdictions (except Illinois), that the businesses and Defendants do not have assets in these states, and that Defendants Quattrocchi and Butler's partnership interest in the Illinois company Cab Air, LLC is an asset in Georgia where the judgment is already certified. Doc. 530. Defendants also argue that Plaintiff has not shown any transfers of property to have been made for less than fair market value, and therefore any allegation of fraudulent transfers must fail. *Id.* at 3-4. In sum, Defendants argue that Plaintiff has not established good cause as required by § 1963.

Plaintiff replies that it is not required to prove Defendants have assets in the target jurisdiction. Doc. 536 at 2. Instead, Plaintiff argues that "[w]here no supersedeas bond

has been posted, 'good cause' may be found where there is risk . . . that the judgment debtor might transfer or conceal assets." *Id.* (citations omitted). Plaintiff notes that registration is merely procedural, and that state law in each target state will govern what assets, if any, will ultimately be attached. *Id.* at 4. Plaintiff's motion and reply cite a pattern of actions allegedly taken by Defendants to transfer assets and avoid paying the judgment. Docs. 529, 536.

A district court may certify a judgment for registration in another district for good cause while the judgment is pending appeal. 28 U.S.C. § 1963. "[C]ourts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures Television, Inc v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001); *accord Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 372 n.3 (7th Cir. 1991) (approving the principle that a "mere showing" of substantial property in the registration state is sufficient).

On June 18, 2010, this Court held that the judgment in this case will not be stayed pending appeal, found that Defendants have engaged in suspicious transactions and have taken contradictory positions concerning their financial health, and concluded that there was a lack of documentary evidence as to Defendants' finances. Doc. 469. The Court also certified the judgment for registration in Georgia, where the Court found Defendants' assets primarily were located. *Id.* at 7. The Court also stated: "In light of Defendants' [previous] lack of candor in their business operations and contradictory representations concerning their finances, the Court is especially unprepared to merely take Defendant Butler's unsubstantiated word concerning the value of the building or his ownership of it." *Id.* at 5. The fact that almost a year later Plaintiff still has been unable to collect on the judgment suggests that, absent a certification of registration, Plaintiff's attempts to collect will continue being thwarted.

Plaintiff alleges that Defendants have assets in and own businesses that operate within the states mentioned above. Doc. 529 at 3. Defendants' response provides little

2

more than unsubstantiated assertions that the businesses no longer operate in these jurisdictions, that assets transferred to other parties were conveyed at fair market value, and that some of the businesses have no remaining assets. In light of Defendants' credibility issues and the undisputed transfers of assets that occurred, the Court holds that Plaintiff has shown good cause for certifying the judgment for registration in the states requested.

**IT IS ORDERED GRANTING** Skydive Arizona, Inc.'s motion (Doc. 529) to certify the Final Judgment entered in this case on April 16, 2010 (Doc. 447) for registration in the district courts for the following states: Pennsylvania, Alabama, Tennessee, New Jersey, Texas, California, Illinois, and Indiana.

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT** shall prepare and execute the following:

1. An original of the form AO451 (Clerk's Certification of a Judgment to be Registered in Another District) for each district court in which the judgment is to be registered; and

2. An original Exemplification Certificate of the Final Judgment for each district court in which the judgment is to be registered.

Dated this 2nd day of May, 2011.

David G. Campbell
United States District Judge